IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MARKETTE G. MCKINNEY,           )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-09-303-RAW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Markette G. McKinney (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 28, 1961 and was 45 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade, with some additional vocational training in electronics. Claimant has worked in the past as a sewing machine operator, a cashier, a short order cook, and a fountain

server. Claimant alleges an inability to work beginning July 11, 2002 due to limitations imposed by depression, schizophrenia, and chronic low back pain.

## Procedural History

On July 11, 2003, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and supplemental security income under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 20, 2005, an administrative hearing was held before ALJ Demos Kuchilis in McAlester, Oklahoma. On November 15, 2005, the ALJ issued an unfavorable decision on Claimant's applications. On November 7, 2006, the Appeals Council remanded the case for further proceedings. A supplemental administrative hearing was held on August 9, 2007 before ALJ Deborah L. Rose. The ALJ issued an unfavorable decision on December 18, 2007. The Appeals Council denied review on June 10, 2009. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments and could not perform her past relevant work, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a limited range of light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in relying upon the testimony of the vocational expert which was contrary to the *Dictionary of Occupational Titles* ("DOT") without obtaining a reasonable explanation for deviating from the DOT.

### Vocational Expert's Testimony

Claimant asserts the ALJ erroneously relied upon the testimony of the vocational expert, since the testimony did not conform to the DOT. In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disk disease of the lumbar spine schizoaffective disorder, and post traumatic stress disorder. (Tr. 22). The ALJ determined Claimant's RFC to include lifting of 20 pounds and frequent lifting of 10 pounds, stand/walk 6 hours out of an 8 hour workday and sit 6 hours out of an 8 hour workday, alternate between sitting/standing every 2 hours with no prolonged sitting, occasional stooping and crouching, occasional contact with the public and limited to one to two step instructions and no detailed instructions. (Tr. 24).

After soliciting testimony from a vocational expert, the ALJ

5

determined Claimant could perform the light work jobs of bench assembler, electrical assembler, and poultry processor. (Tr. 31).

Claimant contends these jobs all require "Reasoning Development" at a level 2 under the DOT. Level 2 reasoning requires

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

DOT, App. C.

Since the ALJ's RFC included a restriction on detailed instructions, Claimant contends the ALJ should have elicited testimony from the vocational expert to determine a reasonable explanation as why his opinion deviated from the DOT. This is the requirement in this Circuit for an ALJ to utilize testimony straying from the guidelines of the DOT. Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999). As a result, the ALJ could not rely upon the designation of the jobs of bench assembler or electrical assembler.

In her reply, however, Claimant acknowledges Defendant's assertion that the job of poultry processor was misidentified in her opening brief. Poultry processor (DOT 525.687-070) actually only requires a reasoning level 1, which states

> Apply commonsense understanding to carry out simple one-

or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT, App. C.

Accordingly, the job identified by the ALJ of poultry processor does meet the RFC he assigned Claimant and the vocational expert did not deviate from the DOT in identifying this job. Moreover, the ALJ states in his decision that 5,200 of the poultry processor jobs exist in Oklahoma, 12,000 exist in the region, and 175,000 in the nation. Claimant does not argue in her briefing that these numbers are insignificant, requiring remand for that factual finding by the ALJ. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). The ALJ's decision should be affirmed based upon the limited point of error asserted by Claimant.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and

Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE